## LEON BLUM vs. ROOT & DOW, et a.

### COURT OF APPEALS, GALVESTON TERM, 1884.

*Parties—Case Stated.* The original suit was brought by R. & D. against Heard, Tuttle & Holloway on open account. Heard and Tuttle made no defense. Hollaway answered, admitting the indebtedness and pleaded specially that L. & H. Blum, through their agent, contracted in writting to protect him against any judgment then or thereafter against H. T.& H. for a certain consideration, and prayed that Blum be made a party defendant. The suit was instituted in Fayette county. Blum pleaded to the jurisdiction over his person of the Fayette county court, alleging that he was a resident of Galveston county. This plea, though fully sustained by proof, was overruled, and judgment rendered against H T. & H. in favor of R. & D., and over against Blum in favor of Holloway. *Held,* error, that the plea to the jurisdiction should have sustained, under the provisions of article 1198, of the Revised Statute. The rule is that "no person who is an inhabitant of this State shall be sued out of the county of his domicile, except in certain enumerated cases," in which exception the present is not included.

*Same—Remedy.* Whether under the case as stated, Blum was or was not a proper party to the suit he was in no way a necessary party, nor could Holloway's rights be prejudiced by not making him so, but he could have maintained an independent action for breach of, or for specific performance of the contract.

Appeal from Fayette County.

Opinion by Willson, J.

Root & Dow, a mercantile firm, brought this suit in the county court of Fayette county against Heard, Tuttle & Holloway, another mercantile firm, to recover an indebtedness due upon two accounts amounting in the aggregate to the sum of $451.61.

Heard and Tuttle made no defense. Holloway, the other member of the defendant firm, answered in the suit, admitting the indebtedness of his firm to Root & Dow as alleged in their petition. He pleaded specially, that Leon & H. Blum, residents of Galveston county, through their agent, one Jenkinson, made a written contract with him, in which they bound themselves unto him, that they would immediately release him from any judgment, etc., that then existed,

or that might thereafter exist or obtained against said firm of Heard, Tuttle & Holloway, as well as from the entire indebtedness of said firm, and would guarantee him entire immunity against any and all creditors of said firm of Heard, Tuttle & Holloway; that said contract was made upon the consideration that he, Holloway, would release, convey and deliver to his former partners, Heard and Tuttle, any and all interest which he had in and to the business and property of the said firm of Heard, Tuttle & Holloway; and alleging that he had fully performed the conditions of said contract. He prayed that said Leon & H. Blum might be made parties to this suit, and that in the event Root & Dow recovered judgment against the firm of Heard, Tuttle & Holloway, that he Holloway recover judgment over against said Leon & H. Blum for the amount of Root & Dow's judgment and for costs. Leon Blum were served with citation to appear and answer in the case. H. Blum, being a non resident of the State was not served with citation, and the suit as to him was discontinued. Leon Blum answered in the suit pleading first to the jurisdiction of the court over his person and over his firm; that he was a resident of Galveston county, Texas, at the time of, and since the institution of the suit, and that his firm had not contracted in writing to perform the said alleged contract in Fayette county, etc. This plea was sworn to, and in all formal respects sufficient. Other defenses were pleaded by said Blum which it is unnecessary that we should advert to in view of the conclusion we have arrived at upon his plea to the jurisdiction. Upon a trial of the case before the judge, without a jury, the plea to the jurisdiction of the court was fully sustained by the evidence, but the court overruled the plea and gave judgment first in favor of Root & Dow against Heard, Tuttle & Holloway for the indebtedness sued for; and second, in favor of Holloway against Leon Blum for the same amount and costs. From this judgment Blum alone appeals, and it is not sought by this appeal to disturb the judgment rendered in favor of Root and Dow against Heard, Tuttle & Holloway.

I.   That the plea of Holloway, praying that Leon & H. Blum be made parties to this suit, and that he have judgment against them upon their contract with them, we think is too clear to admit of controversy. If this position be correct, then the venue of such suit is fixed by law regulating venue in other cases, which provides that, "no person who is an inhabitant of this State shall be sued out

of the county in which he has his domicile, except in certain enumerated cases," (Rev. Stats., Art. 1198) and this case does not come within any of the exceptions enumerated in the statute. Cohn vs. Munson, Sup. Ct. Tex.

We are of the opinion that the court erred in not sustaining the plea of Leon Blum to the jurisdiction of the court over his person.

II. We are not to be understood as holding that Leon & H. Blum were not proper parties to this suit. The question presented to us by the record is not one as to proper parties, but as to the privilege of an inhabitant of the State to be sued in the county of his domicile. If there were no question of jurisdiction over the person of Leon & H. Blum, we would hold that they were proper parties in this suit under the allegations in Holloway's plea. Persons against whom a defendant would have a right of action in case judgment go against him may be made defendants in the suit upon his application, (Sayles & Bassett, Pl. and Pr., Sec. 280,) but this right to make them parties, we think, is subject to the qualifications that such parties must be within the jurisdiction of the court.

III. While we are of the opinion that Leon & H. Blum, in the absence of a plea to the jurisdiction of the court, would have been proper parties to the suit, we do not agree with appellants' counsel that they were necessary parties, nor that Holloway's rights, under his contract with them, would have been in any way prejudiced by not making them parties to the suit. Holloway could have maintained an independent suit against them for a breach of, or for a specific performance of their contract with him, and the fact that he had not had them impleaded in the suit of Root & Dow against Heard, Tuttle & Holloway, would have been no defense to his action.

The judgment of the court below, against Leon Blum, is reversed and the suit as to him dismissed. In all other respects the judgment of the court below is affirmed. The costs of this appeal, and all the costs incurred in this cause, by reason of Leon & H. Blum having been made parties in this suit, are adjudged against the appellee, T. P. Holloway.